UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
77 Charters, Inc.,

                              Plaintiff,

                - against -

SYC Realty LLC *et al.*,

                              Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-1681 (SLT) (MDG)

**TOWNES, United States District Judge:**

      77 Charters, Inc. ("Plaintiff") commenced the instant action on April 15, 2010 against SYC Realty LLC, 218 North Group LLC, 243 North Group LLC, 261 Development Group LLC, Israel Perlmutter, Menachem Stark and Eugene Mendlowitz (collectively, "Defendants") for purposes of collecting on a mortgage note and a related guaranty. Plaintiff filed a motion for default judgment on September 30, 2010. On October 4, 2010, this Court referred the matter to Magistrate Judge Marilyn D. Go for a report and recommendation ("R&R") on damages. Defendants filed a motion on December 14, 2010 for vacatur of the entry of default previously made by the Clerk of Court. On February 27, 2012, Judge Go issued an R&R recommending that this Court (i) deny Defendants' motion to vacate the entry of default and (ii) award Plaintiff damages in the amount of $3,992,575.21 plus certain default interest specified therein. This Court adopts Judge Go's R&R in its entirety.

      A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within fourteen days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendation. *See id.*

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the R&R to which no objections have been made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In the instant case, objections to the R&R were due by March 17, 2012. No objections were filed with this Court. Upon review, this Court affirms and adopts the R&R of Judge Go in its entirety.

**SO ORDERED.**

s/ SLT

/SANDRA L. TOWNES
United States District Judge

Dated: March 29, 2012
Brooklyn, New York